IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ANTONIO BARBER,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:05cv113-WS/WCS**

**JUDGE ROBERT HINKLE, et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a one page document which was untitled, but the top left corner of the form stated: "claim for damage, injury, or death." Doc. 1. Attached to that one page was exhibit A, a copy of FLA. STAT. § 790.25, and exhibit B, a copy of the section 8 of the Florida Constitution. Doc. 1. An order was issued by this Court advising that Plaintiff had not paid the filing fee at the time he submitted that document, nor had he filed an *in forma pauperis* motion. doc. 3. That order construed Plaintiff's initial filing as a civil rights complaint. *Id.*

Plaintiff has filed a response to that order asserting that he did not intend to file a civil rights claim, but a Tort Claim. Doc. 4. Plaintiff seeks removal of the undersigned

and the assigned district judge "for creating a fraudulent, fictitious, or materially false ORDER" and asks that this case be removed from the Court's docket.  *Id.*  It is unclear what relief Plaintiff is actually seeking from that statement, but construed as a motion to recuse the undersigned, the motion is denied.  Plaintiff has not provided sufficient reason for recusal pursuant to 28 U.S.C. § 455(b).  A judge's ruling is not a valid ground for recusal.  Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921).  Plaintiff's motion, doc. 4, is denied.

Plaintiff previously filed case 4:99cv154 in this Court.  The case was dismissed for failure to state a claim on March 20, 2000.  Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed the dismissal finding his complaint was barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The dismissal of that case and Plaintiff's appeal resulted in Plaintiff receiving two "strikes" under 28 U.S.C. § 1915(g).  On March 21, 2001, Plaintiff filed a complaint against the Bureau of Prisons and Kathleen Hawk-Sawyer in the United States District Court, District of Columbia, case number 1:01cv612.[1]  The case was dismissed with prejudice that same day for failure to state a claim.  Plaintiff appealed that dismissal which was once against affirmed.  Plaintiff received two more "strikes" for that case.  Plaintiff then filed another civil rights action in the District of Columbia bringing essentially the same claims.  Case 1:03cv806.  The case was dismissed on the grounds that Plaintiff's claims were barred by *res judicata*.  That case also counts as a strike.  Another case of Plaintiff's filed in the District of Columbia, 1:03cv2038, was dismissed prior to service on the same day it was filed.

---

[1] Plaintiff claimed that the "BOP improperly relied on his criminal history to determine his custody classification, in violation of the Constitution's due process and double jeopardy clauses."  Memorandum Opinion, doc. 21, dismissing case 03-0806.

Case No. 4:05cv113-WS/WCS

The appeal Plaintiff filed was again denied, with the appellate court specifically noting that the complaint was properly dismissed by the district court as Plaintiff's claims were barred by Heck v. Humphrey, *supra*. That case provides two more "strikes" against Plaintiff. Doc. 9, case 1:03cv2038.

The dismissals noted above of Plaintiff's previous civil rights actions count as strikes and, therefore, preclude granting Plaintiff *in forma pauperis* status regardless of whether this case is a civil rights action or a Federal Tort Claim. Plaintiff's prior litigation history, which was not previously disclosed, is now known and it is clear that the prior order which directed Plaintiff to submit an *in forma pauperis* motion was incorrect and should be revoked. Moreover, this case should be administratively closed.

Under 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* in the federal courts. Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Plaintiff should be well aware that he is not entitled to *in forma pauperis* status pursuant to § 1915(g). [2]

Plaintiff's alleged tort claims in this case do not bring him within the "imminent danger of serious physical injury" exception. Thus, because Plaintiff has had more than

---

[2] That statute provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Case No. 4:05cv113-WS/WCS

three prior dismissals under § 1915(e), this action should be dismissed. The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $250.00 filing fee at the time of filing the complaint. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion, doc. 4, be **DENIED**, that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice**, and that Plaintiff be permitted to re-file this case should he so desire, simultaneously paying the Court's filing fee.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2005.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**